UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY JOE PAIGE,

    Plaintiff,                      Case No. 5:20-CV-11729
                                      Hon. Judith E. Levy
v.                                      United States District Court Judge

HEIDI WASHINGTON,

    Defendant,
_____/

## OPINION AND ORDER TRANSFERRING CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Billy Joe Paige, ("plaintiff"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. In his application, filed *pro* se, plaintiff claims that prison authorities at the Carson City Correctional Facility have failed to undertake sufficient safeguards to protect him and other inmates from contacting the Coronavirus. Plaintiff also alleges that he may, in fact, have contracted the disease himself. In the interests of justice, the Court concludes that the proper venue for this action is in the Western District of Michigan and orders that the case be immediately transferred to that district.

1

## I. DISCUSSION

Venue for plaintiff's complaint is not proper in this district. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

For the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place at the Carson City Correctional Facility, which is located in the Western District of Michigan. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). The named defendant works in

Lansing, Michigan, which is in Ingham County, which is also located in the Western District of Michigan. Public officials "reside" in the county where they perform their official duties. *See O'Neill v. Battisti*, 33 Ohio Misc. 137, 472 F. 2d 789, 791 (6th Cir.1972). In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(quoting *Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir.1974)).

Venue for plaintiff's civil rights lawsuit is not proper in the Eastern District of Michigan, because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio,* 15 F. App'x. 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the United States District Court for the Western District of Michigan, where plaintiff alleges that the civil rights violations occurred.

The Court orders that the case be transferred to the Western District of Michigan. "Given the significant liberty interests at stake, the time-sensitivity" of plaintiff's Coronavirus claims, as well as the risks to plaintiff's "health posed by the rapid spread of COVID-19," the Court "directs the Clerk to effectuate the transfer as soon as possible." *Perry v. Washington,* No. 2:20-CV-11478, 2020 WL 3077592, at * 2 (E.D. Mich. June 10, 2020).

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**Dated: July 2, 2020**     s/Judith E. Levy
**HONORABLE JUDITH E. LEVY**
**UNITED STATES DISTRICT JUDGE**